### KESSLER v BEARD et

Ohio Appeals, 2nd Dist, Miami Co

No 284.   Decided May 12, 1932

E. H. Kerr, Tippecanoe City, and Pickrel, Harshman & Young, Dayton, for plaintiff.
William H. Gilbert, Troy, for Willam S. Coblentz.
Shipman & Shipman, Troy, for Wirt Kessler.

ALLREAD, PJ.

A motion has been filed to ·dismiss the appeal upon the ground that the action is not appealable. It has been settled that the appealability of a cause is determinable, not by the judgment rendered but by the nature of the pleadings.

We have examined the numerous pleadings in the case. From an examination of these pleadings we cannot escape the conclusion that the action upon which the pleadings were founded is a complex case based upon the legal liability of the stockholders of the company. This liability is set forth in each of the pleadings and is a legal cause of action. The fact that a receiver is asked to be appointed and that the suit is not brought to recover the entire amount due upon the legal liability is not necessarily fatal to the legal cause of action.

The latest case decided by the Supreme Court is **Wall v The Dayton Federation Company et, reported in 121 Oh St, 334.** The second syllabus of this case is as follows:

"Where a petition declares upon a breach of contract and recites facts which, if proven, would entitle the plaintiff to a money judgment, and the prayer of such petition asks for a money judgment and the answer denies the right thereto, such action is one at law, 'for money only,' in which either party might demand a jury trial and is not a suit in chancery for equitable relief, even though the appointment of a receiver, and allowance of an injunction and an accounting are asked as ancillary and incidental to the main relief sought. Such action is not appealable."

The Supreme Court in the case of **The Forest City Investment Company v Haas, 110 Oh St, 188** is in harmony with the Wall case. In the latter case it is held that,

"A proceedings for the Appointment of a receiver does not constitute a chancery case within the purview of §6, **Article 4, of the Ohio Constitution, as amended in 1912.**"

It is also held in the same case that,

"Such an order is a 'judgment' which may be reviewed by the Court of Appeals on error but not on appeal."

The Court of Appeals in the case of **The Union Savings Bank & Trust Company, Receiver y The Cincinnati & Columbus Trac-**

tion Company, 13 Appl., p. 9, had a very similar case to the one under consideration here. In that case it was held that,

"An action by a receiver of a corporation for the purpose of recovering unpaid stock subscriptions is not a chancery case and is therefore not appealable. Such action is not brought within the jurisdiction of a court of chancery by a prayer which seeks to recover only so much of the unpaid stock subscriptions as is necessary to pay the debts and obligations of the corporation and to equalize such payments among all the stockholders."

This is a very instructive case and the authority upon which it was founded is cited in the opinion.

We are therefore of the opinion that the motion to dismiss the appeal is well taken and should be sustained. Motion sustained.

HORNBECK and KUNKLE, JJ, concur.